[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 133.]

THE STATE EX REL. SHERRILLS, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

[Cite as *State ex rel. Sherrills v. State*, 2001-Ohio-299.]

*Mandamus sought to compel state to order that the journal in a court of appeals case reflect the truth—Habeas corpus relief sought to compel relator's release from prison—Court of appeals' dismissal of cause affirmed.*

(No. 00-1658—Submitted  January 9, 2001—Decided March 7, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78261.

————————————

*Per Curiam.*

{¶ 1} In July 2000, appellant, inmate Daries Sherrills, filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, state of Ohio, to order that the journal in a case in that court reflect the truth and to file his brief in which he raised a claim of ineffective assistance of appellate counsel.  Sherrills alternatively sought a writ of habeas corpus to compel his immediate release from prison.  The court of appeals *sua sponte* dismissed the cause.  *State ex rel. Sherrills v. State* (Aug. 3, 2000), Cuyahoga App. No. 78261, unreported, 2000 WL 1060605.

{¶ 2} In this cause now before the court upon Sherrills's appeal as of right, we find that the court of appeals correctly dismissed Sherrills's claims for extraordinary relief.

{¶ 3} As the court of appeals held, Sherrills's complaint is defective because he failed to name the proper respondents and did not include their addresses.  Civ.R. 10(A); R.C. 2725.04(B); *State ex rel. Keener v. Amberley* (1997), 80 Ohio St.3d 292, 293, 685 N.E.2d 1247, 1248; *State ex rel. Jackson v. Lucas Cty.* (Mar. 5, 1996), Lucas App. No. L-96-049, unreported, 1996 WL 171550; *State ex*

*rel. Lacavera v. Cuyahoga Cty. Court of Common Pleas* (Mar. 2, 2000), Cuyahoga App. No. 77359, unreported, 2000 WL 235748 ("although the State of Ohio is listed as the respondent [in relator's mandamus action], he seeks relief from the 'clerk of courts' and the 'court' ").

**{¶ 4}** Moreover, to the extent that Sherrills requests a writ of habeas corpus, he failed to attach his commitment papers to his complaint. R.C. 2725.04(D); *Sidle v. Ohio Adult Parole Auth.* (2000), 89 Ohio St.3d 520, 733 N.E.2d 1115.

**{¶ 5}** Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Daries Sherrills, pro se*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Diane Smilanick*, Assistant Prosecuting Attorney, for appellee.

_____

---

1. We also deny Sherrills's motions to supplement and amend the record.