ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Frank Goudlock, is the defendant in State v.Goudlock, Cuyahoga County Court of Common Pleas Case No. CR-31823. He was convicted of two counts each of aggravated murder, aggravated robbery and kidnapping. In 1977, the court of common pleas sentenced him to two consecutive life terms as well as four concurrent 5-to-25-year terms which are consecutive to the two life terms. This court affirmed that judgment in Statev. Goudlock (Nov. 19, 1979), Cuyahoga App. No. 39557.
 {¶ 2} Goudlock requests that this court compel the court of common pleas to vacate his sentence and resentence him. Respondent filed a motion to dismiss to which Goudlock has not filed a response. For the reasons stated below, we grant the motion to dismiss and dismiss this action.
 {¶ 3} The fundamental criteria for issuing a writ of mandamus are well established:
"In order to be entitled to a writ of mandamus, relator mustshow (1) that he has a clear legal right to the relief prayedfor, (2) that respondents are under a clear legal duty to performthe acts, and (3) that relator has no plain and adequate remedyin the ordinary course of the law. State, ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St.2d 81,369 N.E.2d 1200."
 {¶ 4} State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 5} Goudlock argues that he is entitled to relief in mandamus because the Supreme Court held in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, that a trial court imposing consecutive sentences or a nonminimum sentence on a first offender must state its statutorily required findings at the sentencing hearing. Comer, supra, pars. 1 and 2 of the syllabus, citing R.C. 2929.14(B) and (E)(4) as well as2929.19(B)(2)(c). Goudlock does not, however, acknowledge that R.C. 2929.14 and 2929.19 "* * * were originally enacted as part of Am.Sub.S.B. No. 2 in 1996." Comer, at ¶ 10. Not only has Goudlock failed to demonstrate that these provisions would apply to a case adjudicated 19 years before their enactment, the Supreme Court stated in State v. Madrigal, 87 Ohio St.3d 378,2000-Ohio-448, 721 N.E.2d 52, that "the sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996. See State v. Rush (1998),83 Ohio St.3d 53, 697 N.E.2d 634; State v. Raglin (1998), 83 Ohio St.3d 253,259-260, 699 N.E.2d 482, 489." Madrigal, supra, at 399.
 {¶ 6} Additionally, respondent observes in the motion to dismiss that "[o]nce execution of a sentence has been commenced by delivering a defendant into a state penal institution, a trial court has no authority to modify the sentence except as provided by statute." State v. Wells, Cuyahoga App. No. 82334, 2003-Ohio-4071, at ¶ 9. The complaint in mandamus clearly indicates that relator remains incarcerated at a state penal institution.
 {¶ 7} Goudlock has, therefore, failed to demonstrate either that he has a clear legal right to relief or that the court of common pleas has a clear legal duty to vacate his sentence.
 {¶ 8} The complaint also manifests several defects.
"Moreover, the petition itself is defective because it isimproperly captioned. R.C. 2731.04 requires that an applicationfor a writ of mandamus must be by petition, in the name of thestate on the relation of the person applying. This failure toproperly caption a mandamus action is sufficient grounds fordenying the writ and dismissing the petition. Maloney v. Courtof Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. [Relator] Morton also failed to support his complaintwith an affidavit specifying the details of the claim as requiredby Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No.70899, unreported."
 {¶ 9} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "Goudlock v. State." Likewise, there is no affidavit specifying the details of the claim.
"* * * Additionally, relator
 "`did not file an R.C. 2969.25(A) affidavit describing eachcivil action or appeal of a civil action he had filed in theprevious five years in any state or federal court and also didnot file an R.C. 2969.25(C) certified statement by his prisoncashier setting forth the balance in his private account for eachof the preceding six months.
 "`State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas(2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order himto pay costs. Id. at 420.'"
 {¶ 10} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A). As a consequence, we order relator to pay costs.
 {¶ 11} Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 12} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 13} Writ dismissed.
 Corrigan, A.J., and Rocco, J., concur.