ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Anibal Santiago, Jr., is the defendant inState v. Santiago, Cuyahoga County Court of Common Pleas Case No. CR-348400. He pled guilty to involuntary manslaughter, felonious assault and aggravated burglary. In 1997, the court of common pleas sentenced him to a total of 25 years.
 {¶ 2} Santiago requests that this court compel the court of common pleas to vacate his sentence and resentence him. Respondent filed a motion to dismiss to which Santiago has not filed a response. For the reasons stated below, we grant the motion to dismiss and dismiss this action.
 {¶ 3} The fundamental criteria for issuing a writ of mandamus are well-established:
{¶ 4} "In order to be entitled to a writ of mandamus, relatormust show (1) that he has a clear legal right to the reliefprayed for, (2) that respondents are under a clear legal duty toperform the acts, and (3) that relator has no plain and adequateremedy in the ordinary course of the law. State, ex rel.National City Bank v. Bd. of Education (1977),52 Ohio St.2d 81, 369 N.E.2d 1200."
 {¶ 5} State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 6} In Goudlock v. State, Cuyahoga App. No. 84135, 2004-Ohio-2352, the relator requested the same relief and made the same argument as Santiago does in this case.
 {¶ 7} "Goudlock argues that he is entitled to relief inmandamus because the Supreme Court held in State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, that a trialcourt imposing consecutive sentences or a non-minimum sentence ona first offender must state its statutorily required findings atthe sentencing hearing. Comer, supra, pars. 1 and 2 of thesyllabus, citing R.C. 2929.14(B) and (E)(4) as well as2929.19(B)(2)(c).
 {¶ 8} Goudlock, supra, at ¶ 5. Respondent in Goudlock
argued, as respondent argues in this case, that "[o]nce execution of a sentence has been commenced by delivering a defendant into a state penal institution, a trial court has no authority to modify the sentence except as provided by statute." State v. Wells,
Cuyahoga App. No. 82334, 2003-Ohio-4071, at ¶ 9. The complaint in mandamus clearly indicates that relator remains incarcerated at a state penal institution.
 {¶ 9} Respondent also contends that relief in mandamus is not appropriate.
{¶ 10} "Extraordinary remedies, i.e., mandamus, prohibitionand habeas corpus, are available only when usual forms ofprocedure are incapable of affording relief. They may not beemployed before trial on the merits, as a substitute for anappeal for the purpose of reviewing mere errors, orirregularities in the proceedings of a court having properjurisdiction, * * *."
 {¶ 11} State ex rel Woodbury v. Spitler (1973),34 Ohio St.3d 134, 137, 296 N.E.2d 526 (footnote deleted). Santiago is requesting this court to compel the court of common pleas to vacate his sentence and resentence him. Clearly, the nature of the relief requested is not appropriate for mandamus. Santiago has, therefore, failed to demonstrate either that he has a clear legal right to relief or that the court of common pleas has a clear legal duty to vacate his sentence.
 {¶ 12} The complaint also manifests several defects.
{¶ 13} "Moreover, the petition itself is defective because itis improperly captioned. R.C. 2731.04 requires that anapplication for a writ of mandamus must be by petition, in thename of the state on the relation of the person applying. Thisfailure to properly caption a mandamus action is sufficientgrounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. [Relator] Morton also failed tosupport his complaint with an affidavit specifying the details ofthe claim as required by Local Rule 45(B)(1)(a). State ex rel.Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077,unreported and State ex rel. Smith v. McMonagle (July 17,1996), Cuyahoga App. No. 70899, unreported."
 {¶ 14} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "Santiago v. State." Likewise, there is no affidavit specifying the details of the claim.
{¶ 15} "* * * Additionally, relator"
 {¶ 16} "`did not file an R.C. 2969.25(A) affidavit describingeach civil action or appeal of a civil action he had filed in theprevious five years in any state or federal court * * *.'"
 {¶ 17} "`State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order himto pay costs. Id. at 420.'"
 {¶ 18} State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, relator has failed to support his complaint with the affidavit required by R.C. 2969.25(A). As a consequence, we order relator to pay costs.
 {¶ 19} Relator "also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133,742 N.E.2d 651." State ex rel. Hall v. Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2.
 {¶ 20} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Dyke, P.J., concurs.
 Calabrese, Jr., J., concurs.