ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Mark Robb, requests that this court compel respondent judge to rule on relator's motion to correct jail time credit in State v. Robb, Cuyahoga County Court of Common Pleas Case No. CR-414492 on February 25, 2004. (A review of the docket in Case No. CR-414492 reflects that the motion to correct jail time credit remains pending, more than 120 days after Robb filed the motion. See Sup.R. 40(A). Cf. State ex rel. Bradley v.Jones (Mar. 4, 1999), Cuyahoga App. No. 75681, at 3-4.)
 {¶ 2} Respondent has filed a motion to dismiss and argues that relator has not properly captioned the complaint and has not met the requirements for mandamus. Relator has not opposed the motion.
 {¶ 3} The complaint does indeed manifest several defects.
{¶ 4} "Moreover, the petition itself is defective because itis improperly captioned. R.C. 2731.04 requires that anapplication for a writ of mandamus must be by petition, in thename of the state on the relation of the person applying. Thisfailure to properly caption a mandamus action is sufficientgrounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. [Relator] Morton also failed tosupport his complaint with an affidavit specifying the details ofthe claim as required by Local Rule 45(B)(1)(a). State ex rel.Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077,unreported and State ex rel. Smith v. McMonagle (July 17,1996), Cuyahoga App. No. 70899, unreported."
 {¶ 5} State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "State v. Robb." Likewise, in this action, there is no affidavit specifying the details of the claim.
 {¶ 6} Robb has attached to the complaint an R.C. 2969.25(A) affidavit indicating that he had not filed a civil action or appeal of a civil action in the previous five years in any state or federal court. Although a notary public has signed the affidavit and affixed a seal, Robb has not signed the affidavit. "The signature of applicant is not sufficient to comply with the formal requirements for an affidavit. See R.C. 2319.01 through2319.04." State v. Trembly (2000), 137 Ohio App. 3d 134,738 N.E.2d 93, reopening disallowed, (Oct. 30, 2000), Motion No. 16908, at 2. See also R.C. 2935.19 (form of affidavit). Similarly, Robb's unsigned affidavit fails to conform to the formal requirements for an affidavit. We must, therefore, deny his claim for leave to proceed in forma pauperis. See Santiagov. State, Cuyahoga App. No. 84586, 2004-Ohio-3952, at ¶ 18.
{¶ 7} "Relator "also failed to include the address of theparties in the caption of the complaint as required by Civil Rule10 (A). This may also be grounds for dismissing the action.State ex rel. Sherrills v. State (2001), 91 Ohio St. 3d 133,2001-Ohio-299, 742 N.E.2d 651." State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810,2001 Ohio App. LEXIS 3769 at *3."
 {¶ 8} Santiago, ¶ 19.
 {¶ 9} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
Karpinski, P.J., Concurs McMonagle, J., Concurs.