ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On October 15, 2004, relator Ahmed A. Jaffal commenced this mandamus action against respondent Judge Anthony Calabrese, Jr. to compel him to vacate his sentence in State v. Jaffal,
Cuyahoga County Court of Common Pleas Case No. CR-422741. On November 1, 2004, respondent, through the Cuyahoga County Prosecutor, filed a motion to dismiss. For the following reasons, we grant the respondent's motion to dismiss.
 {¶ 2} A review of the petition indicates that Jaffal pled guilty to one count of Conspiracy to Commit Aggravated Murder and one count of Conspiracy to Commit Aggravated Arson. Although he claims he never before served a prison term, Jaffal was sentenced to two concurrent terms of eight years on each count. Jaffal now claims that pursuant to Blakely v. Washington (2004),124 S.Ct. 2531, 159 L. Ed.2d 403, R.C. 2929.14 is unconstitutional and his sentence is therefore void. A review of this court's docket also reveals that Jaffal did not appeal his sentencing.
 {¶ 3} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993),66 Ohio St. 3d 440, 613 N.E.2d
 {¶ 4} 232, citing State ex rel. Berger v. McMonagle (1983),6 Ohio St. 3d 28, 451 N.E.2d 225.
 {¶ 5} In support of the motion to dismiss, respondent argues that Jaffal failed to establish that he possesses a clear legal right to the requested relief. We agree. As this court stated inState v. Ford (Oct. 21, 2004), Cuyahoga App. No. 84138,2004-Ohio-5610, "Blakely concerns the impropriety of a trial court's enhancement of a penalty for a crime beyond the maximum sentence, however, not the minimum." Clearly, Blakely is not applicable to this matter as Jaffal was not sentenced beyond the maximum sentence.
 {¶ 6} We further agree with respondent that Jaffal possesses an adequate remedy at law by filing a delayed appeal with this court. State ex rel. Gadsden v. Lioi, Judge, 93 Ohio St.3d 574,2001-Ohio-1611, 757 N.E.2d 355; Grundstein v. Judge Carroll
(May 3, 2004), Cuyahoga App. No. 83885, 2004-Ohio-2346; State exrel Farraj v. Ohio (Oct. 7, 2004), 2004-Ohio-5377.
 {¶ 7} Accordingly, we grant the respondent's motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Blackmon, P.J. Concurs.
 Rocco, J., Concurs.