ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Kimberly Smith, is the defendant in State v. Smith,
Cuyahoga County Court of Common Pleas Case Nos. CR-433395 and 462001. Petitioner avers that she is entitled to relief in habeas corpus because the court of common pleas has not accurately calculated her jail time credit. Smith requests that this court order respondent, Warden of the Northeast Pre-Release Center, to comply with R.C. 2967.191 by giving Smith credit for the total number of days she claims to have been in custody and to release her. For the reasons stated below, we dismiss the petition sua sponte.
 {¶ 2} In State ex rel. Griffin v. McFaul, Cuyahoga App. No. 84360, 2004-Ohio-3863, petitioner requested
"that this court compel respondent sheriff to forward the calculation of Griffin's jail time credit to prison authorities."
"Respondent [sheriff] has filed a motion for summary judgment and argues that it is the trial court's duty to specify the number of days jail time in a journal entry. See, e.g., State ex rel. Summers v.Saffold, Cuyahoga App. No. 82546, 2003 Ohio 3542. We agree."
 {¶ 3} Similarly, in this case, Smith requests that this court compel respondent warden to release her based on a jail time credit amount that is different from that ordered by the court of common pleas. Furthermore, Smith avers that she has filed motions for jail time credit in Case Nos. CR-433395 and 462001. Clearly, only the court of common pleas has the authority to specify the number of jail time credit days, not respondent. As a consequence, we must conclude that the petition does not state a claim in habeas corpus.
 {¶ 4} The petition is also deficient in several aspects. As was the case in Griffin v. McFaul, Cuyahoga App. No. 81658, 2002-Ohio-4929, Smith has failed to: include the addresses of the parties as required by Civ.R. 10(A); attach a copy of the commitment papers to the petition as required by R.C. 2725.04(D); and support her complaint with the affidavit required by R.C. 2969.25(A). See also Kittrell v. Adult Parole Auth.,
Cuyahoga App. No. 81744, 2002-Ohio-5574. Each of these defects is a sufficient ground for dismissal of this action.
 {¶ 5} Smith has also failed to support her complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a). Smith's affidavit merely states: "I, Kimberly Smith, Pro-se
Petitioner, after being duly sworn, attest that I have read fully the petition contained herein and do swear that the facts as contained therein under to pains of perjury, as I believe them to be." The content of her affidavit does not conform to Loc.App.R. 45(B)(1)(a). "This conclusory statement is not sufficient to satisfy the requirement of Loc.App.R. 45(B)(1)(a) that the affidavit supporting the complaint specify thedetails of the claim." State ex rel. Perotti v. McFaul, Cuyahoga App. No. 83622, 2004-Ohio-491, at ¶ 9. Failure to comply with Loc.App.R. 45(B)(1)(a) is also grounds for dismissal.
 {¶ 6} Accordingly, we dismiss this action sua sponte. Smith to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition dismissed.
Dyke, P.J., concurs Rocco, J., concurs