ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On March 14, 2005, the petitioner, Willie Smith, commenced this writ action, alleging claims for habeas corpus against Warden Samuel Tambi and mandamus against Judge Nancy Fuerst. The gravamen of Smith's petition is that his convictions and sentences are void because the Judge acted outside of her authority in allowing improper amendments to his indictments and improperly sentencing him. On March 29, 2005, the judge moved for summary judgment and argued, inter alia, the lack of required affidavits under Loc.App.R. 45 and R.C. 2929.25. On April 8 Smith filed an affidavit of indigency, and on April 11 he filed a traverse to the Judge's dispositive motion; attached to this filing was an affidavit specifying the facts of the claim. On April 14, 2005, Warden Tambi moved to dismiss. On April 21 Smith moved to strike the Warden's dispositive motion as an improper successive pleading. However, he also moved to dismiss his habeas corpus claim against the Warden and proceed solely on his mandamus claim against the Judge. On April 22, 2005, the Warden filed a brief in opposition to the motion to strike. On April 28, 2005, Smith filed a motion for leave to file a traverse in which he repeated his desire to dismiss the Warden and proceed against only the Judge. For the following reasons this court grants Smith's April 28, 2005 motion for leave to file a traverse, grants his motion to dismiss the habeas corpus claim and the Warden, denies his motion to strike as moot, grants the Judge's motion for summary judgment and denies the Warden's motion to dismiss as moot.
 {¶ 2} In 2000, in the underlying cases, State v. Smith,
Cuyahoga County Common Pleas Court Case Nos. CR-383367 and 383515,[1] Smith pleaded guilty to two counts of possession of drugs in each case. At the sentencing hearing both the prosecutor and defense counsel noted that the indictments had been amended to reflect the proper amount and variety of cocaine, e.g., powder cocaine, rather than crack cocaine. The Judge sentenced Smith to four years on each count; the counts in each case to run concurrent, but the sentences in each case to run consecutive for a total of eight years.
 {¶ 3} Smith now complains that the amending of the indictment was improper because there was no evidentiary basis on the type and amount of cocaine and that the Judge improperly sentenced him based on mistaken or no information. He further argues that the Judge did not follow Ohio's statutory scheme for imposing consecutive sentences and relied on unproven facts to impose a harsher sentence in violation of Apprendi v. New Jersey (2000),530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 and Blakely v.Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403. These irregularities voided the guilty plea and the sentences, and thus, opened the judgments to collateral attack through mandamus. He also complains that his counsel was ineffective for not objecting to the improper procedure and sentencing and failing to advise him of the right to appeal.
 {¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108 and State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
 {¶ 5} In the present case Smith has or had adequate remedies at law, such as a motion to withdraw guilty plea, postconviction relief petition, appeal, and a motion for delayed appeal under App.R. 5[2] which prevent relief in mandamus. His argument that the lapse of time now prevents him from pursuing those remedies, and thus, those remedies are inadequate, is contrary to the well-established law governing extraordinary writs.
 {¶ 6} Moreover, this court has rejected mandamus as the appropriate remedy for a sentence not in conformity with the statute for imposing consecutive sentences. Santiago v. State ofOhio, Cuyahoga App. No. 84586, 2004-Ohio-3952; Grundlock v.State of Ohio, Cuyahoga App. No. 84135, 2004-Ohio-2352; andDunning v. State of Ohio, (Oct. 14, 2004), Cuyahoga App. No. 84982. Similarly, in Jaffal v. Calabrese, Jr., Cuyahoga App. No. 85408, 2004-Ohio-6616, this court rejected mandamus as a remedy for sentences which arguably violate the principles announced in Apprendi and Blakely.
 {¶ 7} Smith argues that all crimes and sentences are statutory, and therefore a judge may only impose a sentence as provided by statute; a court has no power to sentence outside the parameters of the statute. Thus, if a court improperly imposes a sentence, it acts outside its authority, and the sentence must be void. The Supreme Court of Ohio has long rejected this reasoning. "If the court in sentencing him did not act under this statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous and voidable but not void. The error was not a jurisdictional one * * *." In re George Winslow (1915),91 Ohio St. 328, 110 N.E. 539.
 {¶ 8} Moreover, mandamus do not lie to correct deficiencies, if any, in an indictment. As the Supreme Court of Ohio noted inState ex rel. Hadlock v. McMackin (1991), 61 Ohio St.3d 433,434, 575 N.E.2d 184: "a challenge to the sufficiency of an indictment on the ground it was fraudulently obtained does not go to the issue of jurisdiction * * *. A defendant may challenge to sufficiency of the indictment only by a direct appeal, * * *."
 {¶ 9} Accordingly, the court grants Smith's motion to dismiss the Warden and his claim for habeas corpus, grants the Judge's motion for summary judgment, and denies the writ. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58.
Calabrese, Jr., J., concurs
 McMonagle, J., concurs
[1] In both cases Smith faced three counts of possession of drugs, four counts of preparation of drugs for sale and one count of possession of criminal tools. In CR-383515 the preparation counts carried juvenile specifications, and in Cr. 383367 one of the preparation counts carried a major drug offender specification.
[2] A review of the dockets in the underlying cases reveals that Smith moved for a delayed appeal in 2002, but this court denied the motion.