JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Bessie White, avers that she received a power of attorney from Martha Atkinson. White complains that, contrary to the wishes of Atkinson and Atkinson's family, Atkinson is in the "Beachwood Nursing Home." White states that this action in habeas corpus arises out of In Re: Atkinson,
Cuyahoga County Probate Court Case No. 2000 GDN 0028265 B, in which respondent has filed a report of magistrate. White requests that this court order the immediate release of Atkinson. For the reasons stated below, we dismiss this action sua sponte.
 {¶ 2} The petition has several defects which prevent petitioner from maintaining an action in habeas corpus.
"R.C. 2725.04 requires that petitions for habeas corpus beverified. The failure to verify the petition requires itsdismissal. Chari v. Vore (2001), 91 Ohio St. 3d 323,744 N.E.2d 763 and State ex rel. Crigger v. Ohio Adult ParoleAuthority (1998), 82 Ohio St. 3d 270, 695 N.E.2d 254. InVore the Supreme Court of Ohio was adamant that unverifiedpetitions for habeas corpus be dismissed; it reversed thegranting of relief in a habeas petition because it was notverified. Similarly, the relator failed to support his complaintwith an affidavit specifying the details of the claim as requiredby Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported and Stateex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No.70899, unreported."
 {¶ 3} State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2-3.
 {¶ 4} Likewise, in this action, White has not verified the petition or supported it with an affidavit specifying the details of the claim. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, White has not attached a copy of the commitment papers to the petition. SeeSherrills, supra, citing R.C. 2725.04(D) and Sidle v. OhioAdult Parole Auth. (2000), 89 Ohio St. 3d 520, 733 N.E.2d 1115. Compliance with R.C. 2725.04(D) requires attachment of the journal entry causing petitioner's detention. Hawkins v. S. OhioCorrectional Facility, 102 Ohio St.3d 299, 2004-Ohio-2893,809 N.E.2d 1145, at ¶ 4. White's petition is also defective because she has not included the addresses and names of the parties in the caption. See Civ.R. 10(A); In the Matter of: Smith v.Shewalter, Cuyahoga App. No. 86452, 2005-Ohio-2997, at ¶ 4.
 {¶ 5} We also note that "habeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal." State ex rel.Moore v. Ohio Adult Parole Auth., Cuyahoga App. No. 81757, 2003-Ohio-1844, at 8-9 (citations deleted). In support of the petition, White has filed, inter alia, a "Notice of the Right To Appeal" in which she complains about the proceedings in the probate court. Clearly, White is attempting to use habeas corpus as a substitute for an appeal. As a consequence, relief in habeas corpus would not be appropriate.
 {¶ 6} It also appears that White's primary complaint is against respondent magistrate. Yet, an action in habeas corpus must be brought against the custodian. See R.C. 2725.04(B);Pruitt v. Kilbane, Cuyahoga App. No. 84606, 2004-Ohio-3461, at ¶ 3. To the extent that White appears to be seeking relief against respondent magistrate or any other party who is not the custodian, she may not maintain an action in habeas corpus.
 {¶ 7} Accordingly, we dismiss this action sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition dismissed.
Karpinski, P.J., concurs Gallagher, J., concurs.