ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On December 27, 2005, the petitioner, Anthony Hunter, commenced this mandamus action against the respondent, Judge Kathleen Sutula, to compel her to resentence him in the three underlying cases, State v. Hunter, Cuyahoga County Common Pleas Court Case Nos. CR-415551, 411611 and 411627. For the following reasons, this court, sua sponte, denies the writ.
 {¶ 2} In March 2002, in Case No. CR-415551, Hunter pleaded guilty to aggravated burglary and felonious assault. The respondent judge sentenced him to ten years for aggravated burglary and eight years for assault with the sentences to run consecutively. In Case No. CR-411611, he pleaded guilty to aggravated burglary with a repeat violent offender specification. The judge imposed ten years for burglary consecutive to ten years for the specification.[1] In Case No. CR-411627, Hunter pleaded guilty to receiving stolen property, and the judge sentenced him to nine months. She further ruled that the sentences for the three cases would run concurrent to each other.
 {¶ 3} Hunter argues that he is entitled to mandamus to compel resentencing because (1) new precedent, United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and UnitedStates v. Grenoble (C.A. 6, 2005), 413 F.3d 569 renders his sentence void or voidable, (2) his appellate counsel was ineffective for failing to argue allied offenses, (3) the trial court violated his due process rights when it allowed community leaders to speak at his sentencing hearing, and (4) the trial court erred when it sentenced him to the maximum without making the required statutory findings. Moreover, Hunter was on parole when he committed these crimes in 2002, and he now complains that he is serving his sentences for these offenses consecutively to the rest of his original sentence.
 {¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggettv. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. TommieJerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath, 78 Ohio St.3d 45,1997-Ohio-245, 676 N.E.2d 108 and State ex rel. BoardwalkShopping Center, Inc. v. Court of Appeals for Cuyahoga County
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
 {¶ 5} In the present case Hunter had or has adequate remedies at law which now preclude relief in mandamus. Indeed, Hunter appealed his sentences in State v. Hunter, 2003-Ohio-994, Cuyahoga App. No. 81006 in which he argued, inter alia, the propriety of allowing individuals who were not victims or relatives of victims to speak at the sentencing, the propriety of the maximum and consecutive sentences, effective assistance of counsel and allied offenses. This court rejected all of his arguments and affirmed the sentences. This court further notes that Hunter had or has the remedies of a postconviction relief petition under R.C. 2953.21 and an application to reopen under App.R. 26(B).
 {¶ 6} Moreover, this court has rejected mandamus as the appropriate remedy for a sentence not in conformity with the sentencing statutes. Santiago v. State of Ohio, Cuyahoga App. No. 84586, 2004-Ohio-3952; Grundlock v. State of Ohio, Cuyahoga App. No. 84135, 2004-Ohio-2352; Dunning v. State of Ohio, (Oct. 14, 2004), Cuyahoga App. No. 84982; and State ex rel. Smith v.Fuerst, Cuyahoga App. No. 86118, 2005-Ohio-3829. Similarly, inJaffal v. Calabrese, Jr., Cuyahoga App. No. 85408,2004-Ohio-6616, this court rejected mandamus as a remedy for sentences which arguably violate the principles announced in federal precedent such as Apprendi v. New Jersy (2000),530 U.S. 466, 147 L.Ed.2d 435, 120 S.Ct. 2348 and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 7} Additionally, the petition is defective because it is improperly captioned. Hunter styled this petition as "Anthony Hunter v. Kathleen A Sutula (Judge)." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962),173 Ohio St. 226, 181 N.E.2d 270. Cf. State ex rel. Calloway v.Court of Common Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699; State ex rel. Samuels v. MunicipalCourt (Nov. 22, 1994), Cuyahoga App. No. 67762; and State exrel. White v. Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009.
 {¶ 8} Accordingly, the court denies Hunter's application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Karpinski, J., concurs.
 McMonagle, J., concurs.
[1] These convictions arose from Hunter robbing an eighty year-old woman and on the next day a ninety-one year-old woman in their apartments while he was on drugs.