{¶ 1} On January 9, 2007, petitioner Aaron Addison filed a petition for a writ of habeas corpus. Addison, the defendant in State v.Addison, Cuyahoga County Court of Common Pleas Case No. CR-486979, asks this court to issue the writ because his bond is excessive, and because of other alleged procedural irregularities. For the following reasons, we sua sponte dismiss the petition.
 {¶ 2} The petition has several defects which prevent petitioner from maintaining an action in habeas corpus. R.C. 2725.04 requires that petitions for habeas corpus be verified. However, Addison did not include any verification. We further note that the Supreme Court of Ohio is adamant that unverified petitions for habeas corpus be dismissed.Chari v. Vore, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763;State ex rel. Crigger v. Ohio Adult Parole Authority, 82 Ohio St.3d 270,1998-Ohio-239, 695 N.E.2d 254. State ex rel. Williams v. Corrigan, Cuyahoga App. No. 87150, 2005-Ohio-6092; State ex rel. Woods v.State (May 21, 2001), Cuyahoga App. No. 79577.
 {¶ 3} Addison also failed to comply with the mandatory requirements of R.C. 2725.04(D) which requires that a copy of the commitment papers be attached to the petition for a writ of habeas corpus. The failure to attach the commitment papers is another reason his petition is fatally defective. Brown v. Rogers, 72 Ohio St.3d 339, 1995-Ohio-72,650 N.E.2d 422; Cornell v. Schotten, 69 Ohio St.3d 466, 1994-Ohio-74,633 N.E.2d 1111; Bloss v. Rogers (1992), 65 Ohio St.3d 145, 602 N.E. 2d 602. Addison also incorrectly captioned the petition. See R.C. 2725.04(B). See also State ex rel. Sherrills v. State, 91 Ohio St.3d 133,2001-Ohio-299, 742 N.E.2d 651, which affirmed the sua sponte dismissal of a petition for habeas corpus because the petitioner did not name the proper respondent.
 {¶ 4} We further note that Addison failed to comply with R.C. 2969.25
which requires the attachment of an affidavit describing each civil action or appeal filed by the relator within the previous five years in any state or federal court. State ex rel. Zanders v. Ohio ParoleBoard, 82 Ohio St. 3d 421, 1998-Ohio-218, 696 N.E.2d 594; State ex rel.Alford v. Winters, 80 Ohio St. 3d 285, 1997-Ohio-117, 685 N.E.2d 1242;In Re: Woods (Apr. 26, 2001), Cuyahoga App. No. 79467; Clark v.State (May 17, 2001), Cuyahoga App. No. 79584.
 {¶ 5} Furthermore, "habeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal." State ex rel. Moore v. Ohio Adult ParoleAuth., Cuyahoga App. No. 81757, 2003-Ohio-1844. Thus, the various procedural irregularities that Addison raised must be presented on appeal rather than in a habeas corpus petition.
 {¶ 6} Accordingly, in light of the authorities cited above, we sua sponte dismiss Addison's habeas corpus petition. Petitioner to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Petition dismissed.
PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR.