{¶ 1} On March 8, 2007, the petitioner, Michael Cheatham, commenced this habeas corpus action against the State of Ohio as the named respondent. Cheatham maintains that he is being held without justification in the Cuyahoga County Jail. For the following reasons this court, sua sponte, dismisses this application for a writ of habeas corpus.
 {¶ 2} Cheatham alleges that in the underlying case, State v. MichaelCheatham, Cuyahoga County Common Pleas Court Case No. CR-476428, upon leaving his assigned probation officer's office, he was told to report back after court. However, on the next scheduled court date, January 4, 2007, there were no proceedings in which Cheatham, the judge, the defense attorney and the prosecutor were all present. Cheatham had previously moved to be present at all court proceedings. Thus, when there were no proceedings with all the parties present, Cheatham concluded that there was "no court" and that he did not have to report back to the probation officer. Nevertheless, the trial court on January 31, 2007, issued a capias for Cheatham for not reporting back to the probation officer, and he was remanded to the jail.
 {¶ 3} However, the petition has several defects which prevent Cheatham from maintaining an action in habeas corpus. First, he failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.R. 45(B)(1)(a). *Page 3 State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Cheatham has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. This failure to comply with R.C. 2969.25 warrants dismissal of the complaint. State ex rel. Zanders v. Ohio Parole Board,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594 and State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. Cheatham also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the writ, deny indigency status and assess costs against the petitioner. State ex rel. Pamer v.Collier, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842 andState ex rel. Hunter v. Cuyahoga County Court of Common Pleas,88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.
 {¶ 5} Cheatham also incorrectly captioned the petition. He named the State of Ohio as the respondent, not the officer or name of the person by whom he is so confined or restrained, as required by R.C. 2725.04(B).State v. Aaron Addison, Cuyahoga App. No. 89273, 2007-Ohio-154, andState ex rel. Sherrills v. State, 91 Ohio St.3d 133, 2001-Ohio-299,742 N.E.2d 651, which affirmed the sua sponte *Page 4 
dismissal of a petition for habeas corpus because the petitioner did not name the proper respondent.
 {¶ 6} To the extent that Cheatham argues that habeas corpus should lie because the prosecutor has not responded to the motion to dismiss or motions for discovery or that there is insufficient evidence, such arguments are not well taken. Habeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal. Addison, supra, and State ex rel. Moore v.Ohio Adult Parole Auth., Cuyahoga App. No. 81757, 2003-Ohio-1844.
 {¶ 7} Accordingly, the court dismisses this application for a writ of habeas corpus. Costs assessed against the petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1