JOURNAL ENTRY AND OPINION
{¶ 1} On March 15, 2007, the petitioner, Aaron Addison, commenced this habeas corpus action, which he styled as State of Ohio v. AaronAddison. In the underlying case, State v. Addison, Cuyahoga County Common Pleas Court Case No. CR-486979, he is charged with the capital offense of aggravated murder, and the trial court remanded him to jail without bond. Addison argues that he should be immediately released because he was not given a preliminary hearing, Ohio's capital punishment scheme is unconstitutional, his indictment is a sham legal process, and no bail was set in an improperly delayed arraignment. On March 19, 2007, the State of Ohio moved to dismiss, and Addison did not file a brief in opposition. For the following reasons, this court grants the State's dispositive motion.
 {¶ 2} Addison's petition is fatally defective. First, it is not verified, as required by R.C. 2725.04. In Chari v. Vore,91 Ohio St.3d 323, 2001-0hio-49, *Page 3 744 N.E.2d 763, the Supreme Court of Ohio held that the court of appeals erred in allowing the writ and ordering a return because Chari's petition did not satisfy the mandatory requirement of the habeas corpus statute that the petition be verified. State v. Addison, Cuyahoga App. No. 89273,2007-Ohio-154. Although Addison included a "verification" under which he verified under penalty of perjury that the foregoing is true and correct to the best of his knowledge, this "verification" was not made in the presence of an authorized officer, such as a notary public. Thus, it is not an authentic verification. Additionally, Addison improperly captioned the petition. See R.C. 2725.04(B). In State ex rel. Sherrillsv. State, 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651, the Supreme Court of Ohio affirmed the sua sponte dismissal of a habeas corpus petition because, inter alia, the petitioner did not name the proper respondent or include the parties' addresses. The respondent is the officer by whom a prisoner is confined. See, also, State v.Addison, supra. Additionally, the petitioner failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} He failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the petitioner within the previous five years in any state or federal court. This failure to comply with R.C. 2969.25 warrants dismissal of the complaint for an extraordinary writ. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. *Page 4 Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242; and State v. Aaron Addison, Cuyahoga App. No. 89273, 2007-Ohio-154.
 {¶ 4} Addison also did not comply with R.C. 2969.25(C) which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny a writ claim, deny indigency status and assess costs against the relator.State ex rel. Pamer v. Collier, 108 Ohio St.3d 492, 2006-Ohio-1507,844 N.E.2d 842 and State ex rel. Hunter v. Cuyahoga County Court of CommonPleas, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420. The court further notes that Addison's "Declaration of Indigency" did not include the verification of a notary, rendering it defective. Chari v.Vore, 91 Ohio St.3d 323, 2001-Ohio-49, 744 N.E.2d 763.
 {¶ 5} Moreover, Addison's claims do not warrant habeas relief. He argues that he should be discharged because he did not have a preliminary hearing pursuant to Crim. R. 5. However, an indictment by the grand jury renders any defects in the preliminary hearing moot.State v. Washington (1986), 30 Ohio App.3d 98, 99, 506 N.E.2d 1203; andStyer v. Bricta (1990), 69 Ohio App.3d 738, 591 N.E.2d 1255. Therefore, habeas corpus will not lie to effect immediate discharge for failure to hold a preliminary hearing when the grand jury has indicted the individual. Nash v. McFaul, Cuyahoga App. No. 81439, 2002-Ohio-3647 andJerninghan v. McFaul (Jan 7, 1999), Cuyahoga App. No. 75587. State exrel. Jenkins v. McFaul (Apr. 23, 1998), Cuyahoga App. No. 74047, raised the same *Page 5 
claim for habeas relief, that the failure to hold a preliminary hearing within ten days of arrest entitled the petitioners to immediate release. This court rejected the argument, inter alia, because the grand jury had indicted the petitioners and that action rendered their claim for habeas corpus moot.
 {¶ 6} Under Article I, Section 9 of the Ohio Constitution the court may deny bail in a capital offense. Thus, Addison fails to state a habeas claim for denial of bail. To the extent that he argues that Ohio's capital punishment scheme is unconstitutional, appeal, not habeas corpus, is the proper remedy. Furthermore, habeas corpus is not available to challenge either the validity or sufficiency of an indictment; the proper remedy is appeal. Marshall v. Lazaroff,77 Ohio St.3d 443, 1997-Ohio-257, 674 N.E.2d 1387; State ex rel. Simpson v.Lazaroff, 75 Ohio St.3d 571, 1996-Ohio-201, 664 N.E.2d 937; andState ex rel. Hadlock v. McMackin (1991), 61 Ohio St.3d 433,575 N.E.2d 184.
 {¶ 7} Accordingly, this court grants the State's motion to dismiss and dismisses this petition for a writ of habeas corpus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 KENNETH A. ROCCO, P.J., and MARY J. BOYLE, J., CONCURS *Page 1