JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, Alphonso Howard, is the defendant in State v.Howard, Cuyahoga County Court of Common Pleas Case No. CR-475235, in which he was found guilty of numerous counts of importuning. This court affirmed that judgment in State v. Howard, Cuyahoga App. No. 88237,2007-Ohio-991.
 {¶ 2} Howard seeks relief in habeas corpus on the ground that his trial counsel was ineffective by failing to subpoena his work records which, Howard says, would have demonstrated that he could not have been with the victim when she said he was. He requests that this court grant relief against respondent sheriff in habeas corpus and "order respondent to show the whole and true cause and produce plaintiff before this court that a determination of incarceration through records may be had." Petition, at 2. For the reasons stated below, we dismiss this action sua sponte.
 {¶ 3} Initially, we note that the petition has several defects. That is, the petition is not verified as required by R.C. 2725.04, is not supported with an affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a) and is not supported with an R.C.2969.25(A) affidavit describing each civil action or appeal of a civil action which Collins had filed in the previous five years in any state or federal court. Any one of these grounds would be a sufficient basis for dismissing this action. See, e.g., Johnson v. McFaul, Cuyahoga App. No. 86153, 2005-Ohio-1663, *Page 4 
at ¶ 4-7. Similarly, Howard has not attached a copy of the commitment papers to the petition as required by R.C. 2725.04(D) and failed to include the addresses of the parties in the caption. State ex rel. Whitev. Shankman [sub nom. Shankmam], Cuyahoga App. No. 86844,2005-Ohio-4580, at ¶ 4.
 {¶ 4} Howard has also failed to provide this court with any controlling authority to demonstrate that his claim of ineffective assistance of trial counsel provides a basis for relief in habeas corpus. On direct appeal, this court overruled Howard's assignment of error asserting that trial counsel was ineffective on other grounds. It is well-established that "[h]abeas corpus is not a substitute for appeal and does not provide a remedy for errors or irregularities that may be addressed on appeal." Cheatham v. State, Cuyahoga App. No. 89538,2007-Ohio-1591, at ¶ 6 (citations deleted). Howard's petition, therefore, does not state a claim in habeas corpus.
 {¶ 5} Accordingly, we dismiss this action sua sponte. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Petition dismissed.
 CHRISTINE T. MCMONAGLE, P.J., and PATRICIA A. BLACKMON, J., CONCUR. *Page 1