[Cite as *State ex rel. Collins v. Saffold*, 2012-Ohio-278.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97494**

## STATE OF OHIO, EX REL.,
## SHAWN COLLINS

RELATOR

vs.

## JUDGE SHIRLEY STRICKLAND SAFFOLD

RESPONDENT

### JUDGMENT:
### COMPLAINT DISMISSED

Writ of Mandamus
Motion Nos. 449286 and449633
Order No. 451313

**RELEASED DATE:** January 24, 2012

**FOR PETITIONER**

Shawn Collins
Inmate No. 522-186
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH   44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

James E. Moss
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario St., 8th Fl.
Cleveland, OH 44113

MARY J. BOYLE, J.:

{¶ 1}   Relator, Shawn Collins, is the defendant in *State v. Collins*, Cuyahoga Cty. Court of Common Pleas Case No. CR-488472, which has been assigned to respondent judge.   Collins avers that respondent erred in sentencing him and that his trial and appellate counsel were ineffective.

{¶ 2}   This court affirmed Collins's conviction.   *State v. Collins*, 8th Dist. No. 89529, 2008-Ohio-578.   The Supreme Court of Ohio did not accept Collins's appeal for review.   *State v. Collins*, 118 Ohio St.3d 1510, 2008-Ohio-3369, 889 N.E.2d 1027.

{¶ 3}   Respondent has filed a motion to dismiss and argues that relief in mandamus is not appropriate.   We agree.

**{¶ 4}** Collins contends that respondent failed to comply with the sentencing requirements of R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). In support of this argument, Collins relies on *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. Yet, in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court abrogated *Comer* and severed the provisions in the Revised Code on which Collins relies because they required judicial fact-finding.

**{¶ 5}** Additionally, Collins had a remedy by way of appeal to raise claims of sentencing errors. Relief in mandamus is not, therefore, appropriate. *State ex rel. Cotton v. Russo*, 125 Ohio St.3d 449, 2010-Ohio-2111, 928 N.E.2d 1092.

**{¶ 6}** Likewise, as is the case with any original action, relief is not appropriate if the relator has an adequate remedy in the ordinary course of the law. Appeal and postconviction relief are remedies for challenging the effectiveness of trial counsel. *Compare Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190 (denying relief in habeas corpus). Similarly, an application for reopening under App.R. 26(B) is the remedy for asserting the ineffective assistance of appellate counsel. *State ex rel. Sherrills v. State*, 8th Dist.. No. 78261, unreported, 2000 WL 1060605 (Aug. 3, 2000), *aff'd*, *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 2001-Ohio-299, 742 N.E.2d 651.

**{¶ 7}** Clearly, mandamus does not lie to challenge the propriety of Collins's sentence or to assert the ineffectiveness of trial and appellate counsel. Collins's complaint does not, therefore, state a claim upon which relief can be granted.

**{¶ 8}** Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.


MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR.