[Cite as *State ex rel. Jones v. Cook*, 2014-Ohio-4735.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Denzell D. Jones       Court of Appeals No. L-14-1202

　　　　Petitioner

v.

Lucas County Court of Common Pleas
Gary G. Cook                                  **DECISION AND JUDGMENT**

　　　　Respondent                            Decided:  October 21, 2014

* * * * *

Denzell D. Jones, pro se.

* * * * *

**SINGER, J.**

{¶ 1} On September 23, 2014, petitioner, Denzell D. Jones, filed an expedited petition for a writ of mandamus against respondent, Judge Gary G. Cook, to compel respondent to vacate "judgment order and face sanctions" in the foreclosure action, *Wells Fargo Bank, N.A. v. Jones*, Lucas C.P. No. CI0200907150.  Petitioner seeks to have

respondent disqualified and all of respondent's judgments or rulings nullified based on alleged rule-making, due process violations and judicial canon violations.

{¶ 2} Petitioner has requested relief in mandamus. A writ of mandamus is an extraordinary writ and is only available when the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.*, 31 Ohio St.3d 251, 253, 510 N.E.2d 383 (1987), quoting *State ex rel. Westchester Estates, Inc. v. Bacon*, 61 Ohio St.2d 42, 399 N.E.2d 81 (1980), paragraph one of the syllabus. Moreover, if a relator had an adequate remedy, whether or not it was used, relief in mandamus is precluded. *State ex rel. Smith v. Fuerst*, 8th Dist. Cuyahoga No. 86118, 2005-Ohio-3829, ¶ 4. Furthermore, mandamus is not a substitute for appeal, nor may it be used to control judicial discretion or to correct errors and procedural irregularities in a case. *Id.*

{¶ 3} Here, the docket of the foreclosure action reveals respondent entered judgment for Wells Fargo Bank, N.A. on August 26, 2011. On August 29, 2011, petitioner filed a motion to void judgment entry; respondent subsequently denied this motion. On October 7, 2011, petitioner filed an appeal with this court; the appeal was dismissed as untimely. *See Wells Fargo Bank, N.A. v. Jones*, 6th Dist. Lucas No. L-11-1247 (Nov. 16, 2011). Thereafter, petitioner filed numerous pleadings and motions in the trial court seeking to set aside or void respondent's August 26, 2011 judgment. All of these pleadings and motions were denied by respondent. Petitioner had a plain and

2.

adequate remedy at law, by way of appeal, and is therefore not entitled to a writ of mandamus.

{¶ 4} Accordingly, we dismiss this expedited petition for a writ of mandamus. Costs assessed against petitioner. The clerk is directed to serve upon all parties a copy of this decision in a matter prescribed by Civ.R. 5(B).

Writ denied.

Arlene Singer, J.                          _____
                                                   JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                       _____
CONCUR.                                            JUDGE

                                          _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.