JOURNAL ENTRY AND OPINION
{¶ 1} Howard Brown appeals from a sentence imposed by Judge Jose Villanueva after he pleaded no contest to the indictment for four counts of rape, one count of aggravated burglary, one count of aggravated robbery, one count of kidnapping, and one count of gross sexual imposition. He contends that the aggregate sentence of fifteen years is inconsistent with sentences imposed for similar crimes, and the consecutive sentences are not supported by the record. We vacate the sentence and remand for resentencing.
 {¶ 2} From the record we glean the following: In the early hours of April 10, 2002, Brown, purportedly high on marijuana and ecstacy and wearing a black hooded sweatshirt, gloves, a bandana around his face, and carrying a backpack, used a key to enter L.M.'s apartment. She awoke to find a man standing at the foot of her bed who demanded oral sex. She got up and tried to lead him out of her bedroom, but he grabbed her and forced her to perform fellatio. He then vaginally raped her and, during the act, she pleaded with him to use a condom and he agreed. He followed her to the bathroom, forced her to perform oral sex again and, wearing a condom, then vaginally raped her a second time. When he left she called the police and, when they arrived, told them she believed that her assailant was someone who lived in her building and that he had also rummaged through her belongings and taken money from her purse.
 {¶ 3} The Officers knocked on various apartment doors until reaching Brown's unit. When he opened the door, he was dressed in a manner described by the victim and was taken into custody. The victim was unable to visually identify Brown but, when she asked that he speak, she was able to positively identify him as her assailant.[1] Although Brown claimed that he found the keys to apartment number five and went in because he believed it was empty, he could not explain why he didn't leave immediately or the purposes for his disguise.
 {¶ 4} Following his plea to the indictment, Brown was referred for a pre-sentence investigation and a psychiatric examination. He was found to be a sexually oriented offender and sentenced to consecutive three-year terms of imprisonment on each rape count and the aggravated burglary count, concurrent sentences of three years on the aggravated robbery count and one year for the gross sexual imposition.[2] He asserts three assignments of error set forth on Appendix A.
 CONSECUTIVE SENTENCES {¶ 5} Brown contends that the judge erred in imposing consecutive sentences because he did not make the statutorily enumerated findings and reasons supporting those findings under R.C. 2929.14(E). To justify consecutive sentences "reserved for the worst offenses and offenders,"[3] the judge must make specific findings on the record. First, he must find that the consecutive sentences are necessary to protect the public or punish the offender. Second, he must find that the proposed consecutive sentences are not disproportionate both to the seriousness of the offender's conduct and the danger the offender possesses. And third, he must find that one of the following exist:
"(a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing, wasunder a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release controlfor a prior offense. (b) At least two of the multiple offenseswere committed as part of one or more courses of conduct, and theharm caused by two or more of the multiple offenses so committedwas so great or unusual that no single prison term for any of theoffenses committed as part of any of the courses of conductadequately reflects the seriousness of the offender's conduct.(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public fromfuture crime by the offender."
 {¶ 6} At Brown's sentencing hearing the judge offered the following rational:
"With respect to the sentence, my sentence is as follows. Andfirst of all, I have to say that I think the nature of thisoffense and the dynamics of that evening, which I'm sure neitherone of these two individuals will ever forget, suggests thatthere ought to be separate sentences for each act, and that theseought to be consecutive sentences.
 It's my view that consecutive sentences are necessary, both toprotect the public and to punish Mr. Brown, and that the harmcaused to Miss [M] by his behavior is such that no single prisonterm for any of these offenses adequately reflects theseriousness of his conduct."
 {¶ 7} As we have held:
"Imposing consecutive prison terms for convictions of multipleoffenses, therefore, is appropriate upon making certain findingsas enumerated in this statute. When the trial court does so,however, it must state its reasons on the record. See R.C.2929.19(B)(2)(c). Failure to sufficiently state these reasons onthe record constitutes reversible error."[4]
 {¶ 8} It is insufficient for the judge to merely make conclusory statements without analyzing whether Brown's conduct justified his conclusions.[5] The Ohio Supreme Court has held that R.C. 2929.19(B)(2)(c) mandates that "when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[6] Absent these findings and reasons, an appellate court cannot conduct "a meaningful review of the sentencing decision."[7]
 {¶ 9} The dissent cites State v. Fincher,[8] a 1997 Franklin county case, for the proposition that no magic words are necessary when imposing a sentence. This Court is required, however, to follow the precedent set forth by the Ohio Supreme Court in State v. Comer, supra, which mandates an analysis by the trial judge when imposing consecutive sentences.[9]
 {¶ 10} Because the record does not contain the full analysis for the imposition of consecutive sentences, the second assignment of error has merit. We find assignments of error one and three are moot.[10]
 {¶ 11} We vacate the sentence and remanded for resentencing.
"I. The trial court failed to comply with R.C. 2929.11(B),State v. Lyons, 2002 Ohio 3424, at para. 30, cuyahoga App. No.80220, and the trial court failed to ensure the sentence imposedwas consistent with sentences [sic] imposed for similar crimescommitted by similar offenders.
 "II. The trial court violated R.C. 2929.14 in imposingconsecutive sentences.
 "III. The sentence of 15 years for an offender who has notbeen sentenced to prison violates 2929.14(B)."
James J. Sweeney, J., concurs.
Frank D. Celebrezze Jr., J., Dissents with Separate Opinion attached.
[1] DNA samples confirmed that Brown was the rapist.
[2] The kidnapping count was merged with the rape counts.
[3] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473.
[4] State v. Johnson, Cuyahoga App. No. 80436, 2002-Ohio-7057. (Internal citations omitted.)
[5] State v. Gary (2001), 141 Ohio App.3d 194,750 N.E.2d 640.
[6] State v. Comer, supra.
[7] Id. at 468, paragraph 21.
[8] (Oct. 14, 1997), Franklin App. No. 97APA03-352.
[9] See also, State v. Edmonson (1999), 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
[10] App.R. 12(A)(1)(c).