JOURNAL ENTRY AND OPINION
{¶ 1} In this consolidated appeal, defendant-appellant, Sami Farraj, appeals his sentence for receiving stolen property, attempted receipt of stolen property and attempted assault of a police officer, which was imposed by the Cuyahoga County Common Pleas Court after he pleaded guilty to these offenses. For the reasons that follow, we vacate appellant's sentence and remand for resentencing.
 {¶ 2} The record reflects that appellant was indicted in two separate cases for offenses related to receiving stolen motor vehicles. Case numbers CR-433355 and CR-434799 each contained one count of receiving stolen property, which violates R.C. 2913.51. Case number CR-434799, however, included charges for assault on a police officer and obstruction of official business, which violate R.C. 2903.13 and 2921.31 respectively. Appellant eventually pleaded guilty to (1) receiving stolen property; (2) attempted receipt of stolen property; and (3) attempted assault of a police officer. The obstruction-of-official-business charge was dismissed.[1]
 {¶ 3} At the sentencing hearing that followed, the trial court sentenced appellant to concurrent 11-month terms of imprisonment on the attempt convictions, to run consecutive to the 17-month term imposed on the receiving-stolen-property conviction.
 {¶ 4} Appellant is now before this court and challenges the sentence imposed.
 {¶ 5} In general, a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant pleaded guilty to (1) receiving stolen property, which is a fourth degree felony pursuant to R.C. 2913.51(C); (2) attempted receipt of stolen property, which is a fifth degree felony pursuant to R.C. 2923.02(E)/2913.51(C); and (3) attempted assault of a police officer, which is also a fifth degree felony pursuant to R.C. 2923.02(E)/2903.13(C). If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term between six to 18 months is required for a fourth degree felony under R.C. 2929.14(A)(4), while a definite term between six to 12 months is required for a fifth degree felony under subsection (A)(5) of the same statute.
 {¶ 6} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Toward that end, R.C. 2929.11(A) provides:
 {¶ 7} "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 8} R.C. 2929.14 authorizes the imposition of consecutive sentences only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while the offender was awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 9} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state these findings, and its reasons for the findings, on the record. See R.C. 2929.19(B)(2)(c); see, also, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Id. at ¶ 21. Failure of a trial court to do so, constitutes reversible error. Id. at ¶ 23.
 {¶ 10} Addressing appellant at the sentencing hearing, the trial court detailed appellant's extensive criminal background, which included several juvenile offenses for receiving stolen property and at least five convictions as an adult for, among other things, receiving stolen property and drug-related offenses. Concluding that the chance of recidivism was high based on this history, the trial court opined that consecutive sentences were necessary to protect the public, thereby satisfying the first part of R.C. 2929.14(E). The trial court also noted that appellant committed the attempt offenses charged in case number CR-434799 while awaiting trial in case number CR-433355, thereby satisfying subsection(3)(a) of R.C.2929.14(E). The trial court stated:
 {¶ 11} "So, you've served a prior prison sentence. You committed Case Number 434799, the receiving stolen property motor vehicle, and it's attempted receiving stolen property, and attempted assault on a peace officer while under indictment in Case Number 433355.
 {¶ 12} "I find that your criminal history shows that consecutive terms are needed to protect the public, and I find that the crimes were committed while awaiting trial in Case Number 433355.
 {¶ 13} "Mr. Farraj, by your actions, it just doesn't seem you are learning to respect the law. It's obvious to me that you are going to get out and commit future crimes. So, I feel that a long term of incarceration is necessary to protect the public from that almost certain future act. * * *" {¶ 14} As can be surmised from the excerpt above, nowhere in the court's analysis is there any finding that consecutive sentences are not disproportionate to the seriousness of appellant's conduct. As stated recently by the Ohio Supreme Court in State v. Comer,2003-Ohio-4165, the trial court is directed to "clearly align each rationale with the specific finding" sufficient to support the imposition of consecutive sentences. Id. at ¶ 21. The trial court failed to make such a finding, let alone state its rationale for doing so. As such, we are compelled to vacate appellant's sentence and remand for resentencing.[2]
Sentence vacated and remanded for resentencing.
It is ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs.
 Michael J. Corrigan, A.J., Concurs in judgment only.
[1] The record reflects that a third case, case number CR-434777, was pending before Judge Lillian Greene in the common pleas court at the time of sentencing in the instant case. The record further reflects that the trial judge in this case, Judge David Matia, accepted not only the plea in the two cases that are the subject of this appeal, but in case number CR-434777 as well. Judge Greene, however, was to sentence appellant in the latter case.
[2] Because we are remanding for resentencing, it is not necessary for us to address appellant's statements to the effect that the trial court failed to make a finding that appellant committed the worst form of the offenses for which he was convicted or that he was not amenable to community control sanctions. Parenthetically, however, we note that the worst-form-of-the-offense analysis is required when the maximum sentence is imposed, which it was not in this case. See R.C.2929.14(C) We also note that appellant previously served time in prison, which is a factor that militates against concluding that community control sanctions are consistent with the principles of felony sentencing. See R.C. 2929.13(B). We further note that the sentencing entry journalized on July 2, 2003 makes post-release control a part of appellant's sentence. The transcript, however, does not indicate that appellant was apprised of this during sentencing. On remand, the trial court will have the opportunity to correct this omission.