{¶ 37} I concur in judgment only and write separately because I do not believe that we should ignore the Ohio Supreme Court's holding in State v. Comer.[10] State v. Comer holds "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences."[11] According to this court's most recent pronouncement on the subject in State v. Farraj,[12] the failure to do so constitutes reversible error.
 {¶ 38} In the past I interpreted Comer less literally in my opinion in State v. Cottrell.[13] State v. Cottrell
continues to have some support in this district.[14]
Nevertheless, the majority of judges in this district hold the trial court must specifically align each rationale with the specific finding.[15]
 {¶ 39} The law in this district, as well as other districts, holds the trial court need not use the exact words of the sentencing statute.[16] Comer did not alter this holding; consequently, the trial court may make findings without using the exact words of the statute and as such, satisfy the dictates of the consecutive sentencing statute.
 {¶ 40} Here, the defense argued the trial court did not make the second finding relative to disproportionality; that is, the additional consecutive sentence was not disproportionate to the danger that the offender posed. In determining whether the consecutive sentence is proportional to the danger posed, the trial court must find not just the likelihood of future crimes, but must find the nature of the harm the offender might commit in the future. Here, the trial court found Swank threatened the child with death, coerced his wife into participating in the violence against this neighbor-girl, and sexually abused her sister; this, he did over a six-year period. To me, these findings meet the standard of finding the nature of harm he might commit in the future and sets forth the reason for the additional two years.
 {¶ 41} Accordingly, I believe the finding and the reasons are sufficiently aligned as required by State v. Comer. I reach this conclusion because the historical case law, from this and other districts, alleviates the court from having to use the exact language of the statute. Consequently, in this case the finding and the reason are the same; thus alignment is met because of the commonality. I realize the finding and the reason might not always be the same in future cases; however, in this case, they are. Consequently, I concur in judgment only.
[10] 99 Ohio St.3d 463, 2003-Ohio-4165.
[11] Id. at ¶ 21.
[12] Cuyahoga App. No. 83360, 2004-Ohio-2163.
[13] Cuyahoga App. No. 81356, 2003-Ohio-5806.
[14] See State v. O'Neal, Cuyahoga App. No. 83393,2004-Ohio-2862.
[15] See this judge's adoption of that interpretation of Statev. Comer in State v. Ali, Cuyahoga App. No. 82076, 2004-Ohio-1782.
[16] State v. Jones, 6th Dist. No. E-03-012, 2004-Ohio-1333; State v. Brown, Cuyahoga App. No. 82298, 2004-Ohio-227; State v. Crayton, Cuyahoga App. No. 81257, 2003-Ohio-4663; State v. Scott, Cuyahoga App. No. 82146, 2003-Ohio-4066; State v. Ohler, Cuyahoga App. No. 79740, 2002-Ohio-3899; State v. Kelly (2001), 145 Ohio App.3d 277,282.