ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On August 16, 2004, relator, Sami Farraj, commenced this mandamus action against respondent, Judge David T. Matia, to compel him to run his sentences in State v. Farraj, Cuyahoga County Court of Common Pleas Case Nos. CR-433355 and CR-434799 concurrently. On September 9, 2004, respondent, through the Cuyahoga County Prosecutor, filed an answer and a motion for summary judgment. Farraj did not respond to the motion for summary judgment. For the following reasons, we grant the respondent's motion for summary judgment.
 {¶ 2} A review of the record indicates that this court vacated Farraj's sentence and remanded the matter for re-sentencing in State v. Farraj (Apr. 29, 2004), Cuyahoga App. Nos. 83660 and 83377, 2004-Ohio-2163, because the trial court failed to find that consecutive sentences were not disproportionate to the seriousness of Farraj's conduct. Thereafter, on June 21, 2004, Judge Matia resentenced Farraj and again imposed consecutive sentences. Farraj did not appeal his resentencing.
 {¶ 3} In order for this court to issue a writ of mandamus, a relator must establish that: 1) the relator possesses a clear legal right to the relief prayed; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy in the ordinary course of the law. State ex rel. Manson v. Morris (1993),66 Ohio St. 3d 440, 613 N.E.2d 232, citing State ex rel. Berger v. McMonagle
(1983), 6 Ohio St. 3d 28, 451 N.E.2d 225.
 {¶ 4} In this matter, we find that Farraj failed to establish that Judge Matia possessed a duty to run his sentences concurrently. As pointed out by respondent, Farraj was mistaken in believing that this court ordered the lower court to run his sentences concurrently. We also find that Farraj possesses an adequate remedy at law by filing a delayed appeal with this court. State ex rel. Gadsden v. Lioi, Judge, 93 Ohio St.3d 574,2001-Ohio-1611, 757 N.E.2d 355; Grundstein v. Judge Carroll
(May 3, 2004), Cuyahoga App. No. 83885, 2004-Ohio-2346.
 {¶ 5} Additionally, Farraj failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 6} Farraj also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594; Stateex rel. Alford v. Winters (1997), 80 Ohio St.3d 285,685 N.E.2d 1242.
 {¶ 7} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Sweeney, P.J., Gallagher, J., concurs.