ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Eugene Williams, is the defendant in State v.Williams, Cuyahoga County Court of Common Pleas Case Nos. CR-423249, 424274 and 425455, which are assigned to respondent judge. On direct appeal, this court vacated the sentences in those cases and remanded them to the court of common pleas for resentencing. State v. Williams,
Cuyahoga App. No. 82206, 2003-Ohio-3962.
 {¶ 2} Williams avers that, when respondent resentenced Williams, respondent "failed to correct the improper sentence." Complaint, par 6. In this action in mandamus, relator requests that this court order respondent to correct the sentence or permit relator to withdraw his guilty pleas.
 {¶ 3} Respondent has filed a motion for summary judgment attached to which are copies of the entries resentencing Williams and denying his motion to withdraw guilty plea in Case No. CR-423249. Unfortunately, respondent's counsel did not attach the comparable entries which were issued in Case Nos. CR-424274 and 425455 as well. Nevertheless, the dockets in Case Nos. CR-424274 and 425455 reflect that respondent has resentenced Williams and denied his motions to withdraw his guilty pleas in those cases as well.
 {¶ 4} In State ex rel. Farraj v. State, Cuyahoga App. No. 85109,2004-Ohio-5377, Farraj requested that this court issue a writ of mandamus compelling the respondent to run his sentences in the two underlying cases concurrently. This court observed that Farraj did not appeal the resentencing and held, inter alia, that a delayed appeal was an adequate remedy. As a consequence, the respondent's motion for summary judgment was granted and judgment was entered against Farraj.
 {¶ 5} As was the case in Farraj, Williams has not appealed the resentencing. Williams may, therefore, seek a delayed appeal in this court. The availability of an adequate remedy in the ordinary course of the law requires that we deny the request for relief in mandamus.
 {¶ 6} The complaint also manifests various defects. R.C. 2969.25(A) requires that an inmate who commences a civil action must file an affidavit describing each civil action or civil appeal filed within the previous five years. Although Williams did file an affidavit "pursuant to R.C. 2969.25," he
" * * * did not file an R.C. 2969.25(C) certified statement by hisprison cashier setting forth the balance in his private account for eachof the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Courtof Common Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As aconsequence, we deny relator's claim of indigency and order him to paycosts. Id. at 420."
 State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, we deny relator's claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hite v.State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6. Similarly, relator has failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel.Hightower v. Russo, Cuyahoga App. No. 82321, 2003-Ohio-3679.
 {¶ 7} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Writ denied.
Blackmon, A.J., Sweeney, J., concurs.