JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On August 14, 2007, relator Timothy Newell filed a complaint for mandamus against Judge Daniel Gaul. Newell asks this court to order Gaul to have Newell transferred into the custody of the Cuyahoga County Sheriff's office after his convictions in State v. Newell, Cuyahoga County Court of Common Pleas, Case Nos-CR-040130 and CR-040174 were reversed by this court; to order Newell's presence at his resentencing hearing; to vacate Newell's kidnapping convictions; to appoint legal counsel to represent Newell during his sentencing modification; and to issue a final, appealable order of Gaul's sentencing entry dated June 26, 1996.
 {¶ 2} Thereafter, on August 29, 2007, Gaul, through the Cuyahoga County Prosecutor's office, filed his answer and motion for summary judgment. In his motion for summary judgment, Gaul argues that any duty owed to Newell is moot since he modified Newell's sentence based upon this court's opinion in State v. Newell, (Feb. 14, 1980), Cuyahoga App. Nos. 40334 and 40335.
 {¶ 3} However, Gaul's motion for summary judgment failed to address the other issues raised by Newell. On September 10, 2007, Newell filed a motion for summary judgment. For the reasons below, we grant Gaul's motion for summary judgment as to that particular issue; deny Newell's motion for summary judgment; and, as to the remaining issues, find that Newell fails to present any genuine issue of material fact and deny the complaint. *Page 4 
 {¶ 4} Initially, we find that Newell's complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. Newell's failure to properly caption the complaint warrants dismissal. Maloney v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. JudgeCleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 5} Notwithstanding the above reason to dismiss, the requisites for mandamus are well established: 1) Newell must have a clear legal right to the requested relief; 2) Gaul must have a clear legal duty to perform the requested relief; and 3) there must be no adequate remedy at law. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be issued in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission
(1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Cannole v.Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
 {¶ 6} Additionally, if a relator had an adequate remedy at law, regardless of whether it was used, relief in mandamus is precluded.State ex rel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108; State ex rel. Boardwalk Shopping Ctr, Inc. v. Court ofAppeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 564 N.E.2d 86;State ex rel. Provolone Pizza, LLC. v. Callahan, Cuyahoga App. No. *Page 5 
88626, 2006-Ohio-660; State ex rel. Grahek v. McCafferty, Cuyahoga App. No. 88614, 2006-Ohio-4741.
 {¶ 7} In this matter, we find that Gaul did follow this court's opinion and modified Newell's sentence of June 26, 1996. Accordingly, Newell's request that Gaul vacate Newell's kidnapping convictions is denied as moot. State ex rel. Gantt v. Coleman (1983), 6 Ohio St.3d 5,450 N.E.2d 1163; State ex rel. Jerningham v. Cuyahoga County Court ofCommon Pleas (1996), 74 Ohio St.3d 278, 658 N.E.2d 723. Additionally, the modification of Newell's sentence by Gaul was a final, appealable order.
 {¶ 8} As to the remaining issues, whether Newell should have been present at the modification of his sentence, and whether his sentence complied with statutory requirements, those issues should be raised on appeal. See State v. Harris (Apr. 6, 2000), Cuyahoga App. No. 76020. Consequently, we find that Newell has an adequate remedy at law by way of appeal.
 {¶ 9} While it does not appear that Newell appealed the modification of his sentence, Newell had the opportunity at that time to file an appeal. His failure to do so prevents us from granting relief. State exrel. Tran, supra. Additionally, Newell's ability to file a delayed appeal further prevents this court from issuing the writ. State ex rel.Williams v. Corrigan, Cuyahoga App. No. 87150, 2005-Ohio-6092; State exrel. Farraj v. State, Cuyahoga App. No. 85109, 2004-Ohio-5377. *Page 6 
 {¶ 10} Accordingly, we deny Newell's complaint for a writ of mandamus. Costs to respondent. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Complaint denied.
 KENNETH A. ROCCO, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1