[Cite as *State v. Davis*, 2012-Ohio-3951.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 97689, 97691, and 97692**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDDIE DAVIS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-553823, CR-554690, and CR-555904

**BEFORE:**    Cooney, J., Blackmon, A.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 30, 2012

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark D. Bullard
T. Allan Regas
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶1} In this consolidated appeal, defendant-appellant, Eddie Davis ("Davis"), appeals his sentences in three cases. We find no merit to the appeal and affirm the sentences.

{¶2} Davis pled guilty to numerous offenses in three separate cases in November 2011. In CR-554690, he pled guilty to burglary and grand theft. The court sentenced him to six years' imprisonment for burglary and twelve months for grand theft, to run concurrent to each other but consecutive to the sentences in his other two cases.

{¶3} In CR-555904, Davis pled guilty to burglary and theft. The State dismissed a third charge of vandalism. The court sentenced him to three years' imprisonment for burglary and six months for theft, to run concurrent to each other but consecutive to the sentences in his other two cases.

{¶4} In CR-553823, Davis pled guilty to breaking and entering and grand theft. The State dismissed the remaining charges of criminal damaging and receiving stolen property. The court sentenced him to concurrent twelve-month prison terms, to be served consecutive to the sentences issued in his other two cases. In total, the court sentenced Davis to an aggregate ten-year prison term. This appeal followed.

{¶5} In his sole assignment of error, Davis argues the trial court erred by imposing consecutive sentences without making the specific findings required by R.C. 2929.14(E)(4).

**{¶6}** House Bill 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under H.B. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶7}** In Section 11 of House Bill 86, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under

the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ___ Ohio St.3d ___, Slip Opinion No. 2010-Ohio-6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶8} Under R.C. 2929.14(C)(4), the trial court must state its findings in support of consecutive sentences on the record at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, paragraph one of the syllabus. However, it is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin*, 8th Dist. No. 83714, 2004-Ohio-3962, ¶12. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G).

{¶9} The trial court articulated the appropriate findings required by R.C. 2929.14(C)(4) both on the record at the sentencing hearing and in the judgment entry of conviction and sentence. At the sentencing hearing, the court recounted Davis's extensive criminal record beginning with a burglary conviction in 1985. He was convicted of breaking and entering and grand theft in 2002, violated probation, and went to prison. He was convicted of another burglary in 2005 and breaking and entering in 2006. The court also commented on the harm he caused his victims. Davis's

convictions included a burglary of a private residence and burglaries of two churches in which he stole two tabernacles, a chalice, and a cross. The court noted that the pastor at one of the churches stated that it was one of the worst things that ever happened to him in his 30 years as a priest.

{¶10} Our review of the transcript reveals that the trial court considered not only the impact of Davis's actions on the churches and their parishioners for purposes of punishment, but also the fact that prior attempts at rehabilitation had been unsuccessful. The court found that the seriousness of the crimes coupled with Davis's failure to be rehabilitated required a longer term of incarceration to punish him and to protect the public from future crime. In a similar case, this court recently found the trial court fully met the requirements of newly enacted R.C. 2929.14(C)(4). *State v. Parrish*, 8th Dist. No. 97482, 2012-Ohio-3153.

{¶11} We find the trial court made the necessary statutory findings to impose consecutive sentences. Therefore, the sole assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
PATRICIA ANN BLACKMON, A.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION ATTACHED)

PATRICIA ANN BLACKMON, A.J., CONCURRING IN JUDGMENT ONLY:

**{¶13}** I concur in judgment only and write separately to discuss the standard of review. I believe that the two-step analysis set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, regarding appellate court review of a felony sentence should be applied in reviewing imposition of consecutive sentences under H.B. 86. Thus, the reviewing court should determine whether the consecutive sentence is clearly and convincingly contrary to the law under the first-step. If the first step of *Kalish* is met by the appellant, then our review is whether the record supports the findings. If the record is void of evidence to support the findings, then the trial court has abused its discretion. The majority opinion sets forth the first prong of *Kalish* and goes through the record and determines that the record supports the findings. But, the majority opinion does not specifically invoke *Kalish,* and I think it should.

**{¶14}** I would go further and require the trial court to be more specific in terms of its findings, especially when it comes to the R.C. 2929.14(C)(4)(a), (b), or (c). We should not have to guess as to which of the three findings the court is referencing.

{¶15} I am not suggesting that the trial court has to use the exact wording of the statute or state reasons for its findings. *State v. Brown*, 8th Dist. No. 82298, 2004-Ohio-227.

{¶16} I agree that *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, is instructive. The trial court should state on the record its findings as required by H.B. 86. I agree with the majority opinion that this is not a silent-mental exercise. By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis. I believe this is a good approach because there is a presumption in Ohio that all sentencing is to run concurrent. *See State v. Stanley*, 2d Dist. No. 11CA0069, 2012-Ohio-2802.

{¶17} Finally, by not stating the necessary findings on the record, there is a tendency to forget that there are several findings that must be made. They are the necessary or punishment finding, the proportionality and danger to public findings, and the "any of the three additional findings."

{¶18} There is always the fear that H.B. 86 will result in the same checklist approach that was used under S.B. 2; however, when the trial court states on the record its findings, we are in a far better position to determine whether the appropriate analysis was made because the appropriate findings were made.