[Cite as *State v. Clark*, 2013-Ohio-2528.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98691

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## UMAR CLARK, JR.

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550542

**BEFORE:** E.A. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 20, 2013

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, OH 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    John R. Kosko
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Umar Clark, Jr., appeals his sentencing in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm.

{¶2} Clark pled guilty to one count of kidnapping in violation of R.C. 2905.01(A)(1) with a three-year firearm specification, one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and one count of involuntary manslaughter in violation of R.C. 2903.04.

{¶3} The state stipulated that Clark's aggravated robbery and involuntary manslaughter charges were allied offenses and elected to proceed with sentencing on the involuntary manslaughter. The trial court sentenced Clark to prison terms of four years on the count of kidnapping, a consecutive three-year sentence for the attached firearm specification and seven years for involuntary manslaughter. The trial court ordered the sentences for the two convictions to be served consecutively. This appeal followed.

{¶4} In his sole assignment of error, Clark argues that the trial court erred by imposing consecutive sentences without making the specific findings required by R.C. 2929.14(C)(4).

{¶5} We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 10. An appellate court may only sustain an assignment of error challenging the imposition of

consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G); *State v. Davis*, 8th Dist. Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 8.

{¶6} Clark argues that the trial court failed to make the necessary statutory findings pursuant to R.C. 2929.14(C) before imposing consecutive sentences. Am. Sub. H.B. No. 86, which became effective on September 30, 2011, "revive[d]" R.C. 2929.14(C)(4) and reinstated the requirement that trial courts make factual findings on specified issues before imposing consecutive sentences. *State v. Matthews*, 8th Dist. No. 97916, 2012-Ohio-5174, ¶ 45.

{¶7} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶8}** In *Matthews*, this court explained the standard we apply in reviewing a consecutive sentence in light of the statutory requirement set forth in R.C. 2929.14(C)(4):

> A trial court is not required to use "talismanic words to comply with the guidelines and factors for sentencing." But it must be clear from the record that the trial court actually made the findings required by statute. A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required analysis and has selected the appropriate statutory criteria. (Citations omitted.)

*Id*. at ¶ 48.

**{¶9}** The record in the present case reveals that although the trial court did not recite word for word the language of R.C. 2929.14(C)(4), the court did engage in the required analysis and selected the appropriate statutory criteria prior to imposing consecutive sentences. Consistent with R.C. 2929.14(C)(4), the trial court indicated that it had a duty to protect the public from future crime and punish Clark. The trial court additionally stated:

> I believe that because there are two victims in this case, it's inappropriate for the court to run the counts concurrent * * *.
>
> * * *
>
> My sentence will be commensurate with and not demeaning to the seriousness of your conduct and its impact on the victim and consistent with sentences for similar crimes.
> * * *
>
> Again with regard to the consecutive prison term, even though the presumption is concurrent terms, I am able to, at my own discretion, to impose consecutive sentences if necessary to protect the public or punish the offender, that are not disproportionate.
>
> I do believe that the harm was so great or unusual that a single term does

not adequately reflect the seriousness of the conduct.

{¶10} After briefly recounting Clark's role in holding one victim hostage with a gun as part of a scheme that resulted in another person's death, the trial court concluded:

> Based on that, based on the fact that there are two victims in this case, I cannot run your sentences concurrent.

{¶11} Although the trial court did not utilize "talismanic words" in explaining its findings, it is clear that the trial court engaged in the required analysis pursuant to R.C. 2929.14(C)(4) in finding the statute satisfied and consecutive sentences appropriate.

{¶12} Clark's sole assignment of error is overruled.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR