[Cite as *State v. Lime*, 2014-Ohio-2647.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100515

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK LIME

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567359

**BEFORE:** Blackmon, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 19, 2014

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co. L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
Matthew E. Meyer
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Mark Lime appeals his sentence and assigns the following error for our review:

> The trial court erred by sentencing the appellant to serve consecutive sentences without submitting adequate reasons in support pursuant to R.C. 2929.14(C).

{¶2} Having reviewed the record and pertinent law, we reverse and remand for the trial court to resentence Lime as to the consecutive sentence. The apposite facts follow.

### Facts

{¶3} On September 28, 2012, the Cuyahoga County Grand Jury indicted Lime in a multi-count indictment for one count of theft in office, one count of theft, 36 counts for tampering with records, and 36 counts of unauthorized use of property/computer system. The charges arose from his stealing money from the reparation fees paid by bail bondsmen when he was the supervisor of the Cuyahoga County Clerk of Courts Criminal Division. From 2004 until he was caught in 2011, he had stolen $8,765.

{¶4} On July 25, 2013, Lime pled guilty to one count of theft in office, 18 counts of tampering with records, and 18 counts of unauthorized use of a computer. It was agreed that the tampering with evidence counts and the unauthorized use of a computer counts were allied offenses and would merge. The remaining counts were nolled.

{¶5} The trial court sentenced Lime to 30 months for count one, theft in office, and 30 months for count three, tampering with records, to be served consecutively to each

other. The court also sentenced Lime to nine months on the remaining 17 counts of tampering with records to be served concurrently with the counts one and three. Therefore, Lime received a total sentence of five years in prison. The trial court ordered Lime to pay restitution in the sum of $8,765 and imposed a fine of $5,000 to be paid into the Victims of Crime Assistance Fund.

### Consecutive Sentence

{¶6} In his sole assigned error, Lime argues that the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C) in ordering count three to be served consecutively to count one.

{¶7} Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, on its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *Id*. at ¶ 11.

{¶8} R.C. 2929.14(C)(4) requires a trial court to make three separate and distinct findings before imposing consecutive sentences. The statute requires the court to find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that any of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at ¶ 17. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

**{¶10}** Review of the sentencing transcript shows that prior to sentencing Lime, the trial court discussed Lime's lack of integrity and honesty by virtue of the fact he created

the scheme to steal the money, the lengthy period of time over which the thefts occurred, and how the general corruption in the county has harmed the county. The trial court then stated as follows:

> Great harm. So great that I agree with the State. That no single prison term would demean— would be enough because it would demean the seriousness of your crime. Especially seven years minimum, every weekend.
>
> As I read some of these reports, I believe you even forbade other people from handling these payments. Even if you were busy, the bondsmen had to wait for you to be available to handle this.
>
> You created the policies and the practices which aided you in your scheme and also made it very difficult, if not impossible in some cases, for the county to actually find all of your thefts.
>
> So, this court is going to impose consecutive sentences based on those findings, and this court is going to impose a maximum term — no, the court will impose 30 months on theft in office, Count 1. * * * And I am going to impose 30 months on Count 3. That will run consecutive to Count 1.

Tr. 51-52.

{¶11} Based on the above, the trial court plausibly only made the third finding by stating the harm was so great it would demean the seriousness of his crimes. The court failed to make the first and second findings under R.C. 2929.14(C)(4). The court said nothing about whether "the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" and (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." We find that because the court failed to comply with R.C.

2929.14(C)(4), its imposition of consecutive sentences is contrary to law. Accordingly, we remand the matter for the trial court to resentence Lime regarding the consecutive portion of his sentence. Lime's sole assigned error is sustained.

{¶12} Judgment reversed and remanded for resentencing.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR