[Cite as *State v. Lime*, 2015-Ohio-3677.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102642**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARK LIME

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567359-A

**BEFORE:**   Blackmon, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   September 10, 2015

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co., L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Eric L. Foster
      Anthony Thomas Miranda
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Mark Lime appeals his sentence following our remand for resentencing. Lime assigns the following errors for our review:

> I. The appellant's sentence of five years is contrary to law as the record fails to support the need for consecutive sentences.

> II. Because the sentencing judge failed to make sufficient findings to support consecutive sentencing, the resultant sentence must be concurrent. The court may not "correct" its findings in a remand hearing.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's imposition of consecutive sentence. The apposite facts follow.

{¶3} On September 28, 2012, the Cuyahoga County Grand Jury returned a multicount indictment against Lime for one count of theft in office, one count of theft, 36 counts of tampering with records, and 36 counts of unauthorized use of property and computer systems. These charges arose from Lime stealing money from the reparation fees paid by bail bondsmen while he was the supervisor of the Cuyahoga County Clerk of Courts Criminal Division. Lime stole $8,765 between 2004 and 2011, when he was finally caught.

{¶4} On July 25, 2013, pursuant to a plea agreement with the state, Lime pleaded guilty to one count of theft in office, 18 counts of tampering with records, and 18 counts of unauthorized use of a computer. It was agreed that the tampering with evidence counts and the unauthorized use of a computer counts were allied offenses and would merge. The remaining counts were nolled.

**{¶5}** The trial court sentenced Lime to 30 months for Count 1, theft in office, and 30 months for Count 3, tampering with records, to be served consecutively to each other. The court also sentenced Lime to nine months on the remaining 17 counts of tampering with records and ordered it served concurrently with the counts one and three. Thus, Lime received a total sentence of five years in prison. In addition, the trial court ordered Lime to pay restitution in the sum of $8,765 and imposed a fine of $5,000 to be paid into the Victims of Crime Assistance Fund.

**{¶6}** On October 11, 2013, in his direct appeal, Lime argued the trial court failed to make the requisite findings, pursuant to R.C. 2929.14(C), to impose consecutive sentences. On June 9, 2014, in *State v. Lime*, 8th Dist. Cuyahoga No. 100515, 2014-Ohio-2647, we stated:

> The court failed to make the first and second findings under R.C. 2929.14(C)(4). The court said nothing about whether "the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" and (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."

Consequently, we reversed and remanded the matter for the trial court to resentence Lime regarding the consecutive portion of his sentence.

**{¶7}** On January 27, 2015, the trial court conducted the resentencing hearing. At the hearing, after considering defense counsel's sentencing memorandum that stressed the appropriateness of a concurrent sentence over a consecutive sentence, the trial court stated the following:

> * * * And the Court of Appeals said that while I found that the harm was so great that it would demean the seriousness of the crimes, that the court

failed to make the first and second findings and reversed and remanded to the Court to make those further findings * * *.

Tr.4.

{¶8} Thereafter, the trial court proceeded to make the requisite findings pursuant to our remand and the mandates of R.C. 2929.14(C), specifically that consecutive sentences were necessary to protect the public and provide the proper punishment; that consecutive sentences were not disproportionate to the seriousness of Lime's conduct; and that one or more of the offenses were of the same course of conduct and the harm was so great that one sentence is not adequate. Tr. 11-12, 14.

{¶9} The trial court then reimposed the original sentence of 30 months on Count 1, 30 months on Count 3, to be served consecutively for a total period of incarceration of five years. The trial court advised Lime of the optional period of postrelease control, ordered him to pay $8,765 in restitution, and imposed a $5,000 fine. Lime now appeals.

## Consecutive Sentences

{¶10} Because of their common basis in fact and law, we will address both assigned together. Within the assigned errors, Lime argues his sentence was contrary to law and that the record failed to support the imposition of consecutive sentences.

{¶11} R.C. 2929.14(C)(4) requires a sentencing judge to make three statutory findings before imposing consecutive sentences and incorporate those findings in the journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public."

*Id.*

{¶12} Finally, the trial court must find that at least one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶13} "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* The failure to make the findings, however, is "contrary to law." *State v. Vargas*, 8th Dist. Cuyahoga No. 101796, 2015-Ohio-2856, citing *Bonnell* at ¶ 37.

{¶14} In the instant case, as previously discussed, at the original sentencing hearing the trial court failed to make all the requisite findings prior to imposing consecutive sentences. As such, pursuant to *Bonnell*, *supra*, we vacated Lime's sentence and remanded for resentencing for the limited purpose of considering whether

consecutive sentences are appropriate under R.C. 2929.14(C)(4), and to make the necessary findings. *See State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 28 (8th Dist.).

{¶15} The record establishes that the trial court made all the requisite findings pursuant to our remand and the mandates of the statute. Nonetheless, Lime argues that the record does not support the trial court's findings. However, from the history of Lime's prior appeal, the record indicates that Lime stole reparation fees from individuals when he worked alone in the clerk's office on Saturdays for a period of years. The record also reveals that to cover his tracks, Lime would either: 1) docket the fee in the court's system and later void the transaction, or 2) simply fail to docket the fee at all. The record further reveals that Lime manipulated the policies and procedures of the clerk's office to enable his theft when he insisted that he be the only one who could handle cash for bond judgments.

{¶16} At the resentencing hearing, the trial court emphasized that Lime violated the duties of his office and the public trust "over and over," that he did not take full responsibility initially, and that he changed workplace policies to keep his crime spree going. The trial court underscored the significant harm done to the public trust as a result of Lime's actions. Tr. 10-11. Consequently, we conclude that the record clearly and convincingly supports the trial court's imposition of consecutive sentences. The sentence was within the statutory range and the record reveals that the trial court made the necessary findings.

{¶17} We appreciate the reasoning in *State v. Adams*, 2d Dist. Clark No. 2014-CA-13, 2015-Ohio-1160; *State v. Mansley*, 2d Dist. Montgomery No. 26417,

2015-Ohio-2785; *State v. Overholser,* 2d Dist. Montgomery No. 26417, 2015-Ohio-2785.

However, we adhere to the fundamental principle that was pronounced in *Bonnell*, which is that no appellate court should overrule a sentence unless it is clearly and convincingly established by the record that the consecutive sentences are unsupported by the record.

**{¶18}** Here, the trial court did not merely, with formalistic ease, recite the statutory findings. The record established that Lime, in stealing reparation fines, manipulated the policies of the clerk's office to cover his deeds. This allowed Lime's crimes to go undetected for several years. The trial court stated this as a part of its findings and the record supported the trial court's conclusion. Accordingly, we overrule both assigned errors.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR